**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry Eugene WATKINS–EL,**
**Defendant–Appellant.**

**No. 01–5506.**

United States Court of Appeals,
Sixth Circuit.

March 7, 2002.

Before MOORE and COLE, Circuit Judges; TARNOW, District Judge.*

*ORDER*

Larry Eugene Watkins–El, a Kentucky state prisoner, appeals pro se a district court order denying his petition for a writ of error coram nobis. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Watkins–El filed this action seeking to challenge his 1976 federal convictions of two counts of possession of a firearm by a

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

felon and two counts of possession of heroin, as well as a 1977 Kentucky conviction of wanton endangerment. The district court denied the petition, finding that no valid basis for coram nobis relief was alleged. This appeal followed, in which Watkins–El reasserts the claims raised below.

Watkins–El has an extremely lengthy criminal history, including at least the following: 1) a 1966 state conviction; 2) 1970 state convictions of armed robbery and carrying a concealed weapon; 3) 1976 federal convictions of two counts of felon in possession of a firearm and two counts of possession of heroin; 4) a 1977 state conviction of wanton endangerment; 5) a 1981 federal conviction of voluntary manslaughter; 6) a 1986 state conviction as a persistent felony offender, resulting in a life sentence; 7) a 1989 state conviction as a persistent felony offender with a life sentence; and 8) a 1991 conviction of escape.

In this proceeding, Watkins–El sought to challenge his 1976 federal convictions on the grounds that the federal court lacked jurisdiction and his counsel was ineffective, and his 1977 state conviction on the ground of double jeopardy. Ultimately, Watkins–El seeks to undermine his convictions as a persistent felony offender, for which he is serving a life sentence. The district court held that Watkins–El could not challenge his state court conviction by way of a petition for a writ of error coram nobis, and that the grounds raised to challenge his federal convictions were insufficient to warrant such relief. Upon review, we conclude that the district court's order should be affirmed for the reasons stated.

■ A writ of error coram nobis is available to challenge federal convictions on the basis of an error of fact unknown at the time of trial. *Blanton v. United States,* 94 F.3d 227, 231 (6th Cir.1996). Accordingly, the district court properly noted that the writ could not be used to attack Watkins–El's 1977 state conviction. Moreover, the ground asserted for the challenge, that this conviction of wanton endangerment violated Watkins–El's double jeopardy rights based on his earlier convictions of possession of a firearm by a felon and possession of heroin, was patently frivolous. The district court also properly concluded that Watkins–El's grounds for challenging his 1976 federal convictions, alleging lack of jurisdiction and ineffective assistance of counsel, were not based on errors of fact unknown at the time of trial, but were based on arguments of law.

■ The argument Watkins–El presses most strongly on appeal is his claim that his attorney was ineffective in 1976 for not challenging his 1970 convictions, which provided the basis for his felon in possession of a weapon charges. He alleges that a state court eventually declared in 1990 that the 1970 convictions were invalid on the basis of involuntary guilty pleas. Even if the state court's 1990 decision were construed as a new fact on which coram nobis relief could be predicated, it is unclear how Watkins–El believes this could benefit him. He has previously raised this same argument in 28 U.S.C. § 2254 habeas corpus proceedings challenging his 1986 and 1989 persistent felon convictions, which were pursued to this court. In Case No. 90–5342, Watkins–El sought to challenge the 1989 conviction by raising the same claim. This court pointed out that Watkins–El's counsel in 1976 could not have raised the invalidity of the 1970 convictions as a defense to the felon in possession charges, citing *Lewis v. United States,* 445 U.S. 55, 65, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In Case No. 93–5968, Watkins–El sought to challenge his 1986 conviction on the same ground. This court pointed out that, even absent

the 1976 convictions of felon in possession of a firearm, Watkins–El had more than sufficient other felony convictions to support his persistent felon convictions, which require only a showing of two prior felonies. Thus, this case is also distinguishable from the authority on which Watkins–El relies, *Flippins v. United States,* 747 F.2d 1089, 1091 (6th Cir.1984), where the court found a remand for an evidentiary hearing necessary because the allegedly invalid conviction was essential to the petitioner's persistent felon conviction.

For all of the above reasons, we conclude that the district court properly found no basis for coram nobis relief stated in this petition. Accordingly, the denial of the petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.